IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARY THORNHILL, )<br>)<br>Defendant. ) | Case No. 21-CR-30126-DWD |

# **MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter comes on for hearing on the Petition to Revoke Supervised Release (Doc. 96) and Defendant's Motion to Dismiss Petition and Terminate Supervision (Doc. 110). The Court conducted a hearing in the presence of the Defendant and her attorney, Ankoor D. Shah. Evidence was submitted and arguments of Counsel were made. The Court denied from the Bench Defendant's Motion to Dismiss Petition and Terminate Supervision. The Court also ordered that the Defendant, Mary Thornhill, be committed to the custody of the Attorney General pursuant to 18 U.S.C.A §4241(d).

## Background

The Defendant was sentenced on a guilty plea to Count I of the Indictment for Conspiracy to Commit Bank Fraud and Count V for Aggravated Identity Theft. Specifically, she was sentenced to 10 months imprisonment followed by 24 months of supervised release on Count I and 24 months imprisonment followed by 10 months of

supervised release on Count V. The imprisonment sentences were ordered to run consecutively for a total of 34 months. (Doc. 71)

The Defendant was released from incarceration on December 21, 2023, and her supervised release was revoked on May 7, 2024 for her failure to file reports to the U.S. Probation Office and failure to notify of her changing residences without notifying her probation officer. The undersigned sentenced the Defendant to 6 months at the Bureau of Prisons and 18 months of supervised release. One week following her commencement of her supervised release, the present Petition to Revoke was filed on September 20, 2024.

At her bond hearing before Magistrate Judge Sison, the Defendant's behavior compelled the Court to order a psychological examination be conducted pursuant to 18 U.S.C. §§ 421(a), 4241(b) and 4247. (Doc. 103). A report of the examination was filed on January 14, 2025, by Dr. Lauren Schumacher, Psy. D., Forensic Psychologist. (Doc. 106).

On March 3, 2025, a hearing was conducted. Dr. Schumacher testified to her report and provided opinions, among which is that she believes that the Defendant suffers from a severe mental disorder which interferes with her factual and rational understanding of the legal process, as well as her ability to assist her attorney in her own defense. Dr. Schumacher also proffered the recommendation that the Defendant be found to be incompetent to proceed on the Petition to Revoke and that she undergo Competency restoration treatment at a medical facility. (Doc 106, P. 1)

## Legal Standards

The determination of competency of a defendant facing possible revocation of a supervised release is governed by 18 U.S.C.A. § 4241, et. seq. In pertinent part, it provides:

> At any time . . . after the commencement of . . . supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 USCA § 4241(a)

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 USCA § 4241(d)

## Discussion

The Court heard the testimony of the Dr. Schumacher who conducted the necessary interviews with the Ms. Thornhill to address Judge Sison's Order and her competency to appreciate the allegations of the petition to revoke. She testified to her observations, specifically that the interview process required in Ms. Thornhill's case several encounters because of her apparent lack of attention and inability to understand the purpose of the meetings. During these encounters, Ms. Thornhill would simply disengage and walk away from the conversations. At times, she would appear calm and cooperative and then shortly thereafter, Ms. Thornhill would become agitated and

engaged with the staff. Her behaviors would include self-hurt and attempts to damage property.

Dr. Schumacher also testified that her examination of the Defendant revealed that Ms. Thornhill did not believe that she had any federal charges against her and appeared to be disoriented as to her current situation. Dr. Schumacher observed that Ms. Thornhill exhibits significant symptoms of psychosis, consistent with prior diagnoses of Unspecified Schizophrenia Spectrum and psychotic disorder. Dr. Schumacher found that the "defendant exhibits deficits in both her factual and rational understanding of the proceedings against her." She opined that Ms. Thornhill has thought dysfunction and an impaired understanding of the nature and consequences of the proceedings against her. Ms. Thornhill has limited insight to her mental illness. She recommends that Ms. Thornhill be transferred to a suitable facility to undergo competency restoration.

Following introduction of evidence at the hearing, Ms. Thornhill, through her attorney, indicated that she has no objection to efforts to restore her competency.

## Conclusion

Based upon the information, findings and opinions offered by Dr. Schumacher, as well as the factual basis provided by Probation Officers Mitchell and Gulley, the Court finds, by at least a preponderance of the evidence, the Defendant is presently suffering from a mental disease rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her and is unable to assist properly in her defense

It is therefore **ORDERED**:

A. The Defendant, Mary Thornhill, is hereby committed to the custody of the United States Attorney General;

B. The United State Attorney General is hereby directed to immediately hospitalize the Defendant, Mary Thornhill, in a suitable facility for up to 4 months or for such a shorter period of time as is necessary to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to permit the proceedings to go forward.

C. That the United States Attorney General shall file under seal a status and progress report within sixty days of the Defendant's admission for hospitalization. Such report shall provide general information regarding Defendant's care and treatment to date.

D. The Defendant's Motion to Dismiss Petition and Terminate Supervision (Doc. 110) is DENIED.

**IT IS SO ORDERED.**

Dated: March 4, 2025

DAVID W. DUGAN
United States District Judge